FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER A. STADTMUELLER,<br><br>Defendant. | NO: 2:15-CR-59-RMP<br><br>ORDER GRANTING MOTION TO QUASH SUBPOENA |

BEFORE THE COURT is Defendant Roger A. Stadtmueller's Motion for Protective Order, Stay, and to Quash Subpoena for a Deposition, ECF No. 71. The United States served Defendant a subpoena to appear for a deposition occurring on November 28, 2018 at 9:30 a.m. Defendant asks the Court to quash the subpoena, issue a protective order, and stay the deposition. A hearing was held in this matter on November 26, 2018. The Court has reviewed the parties' briefing, arguments, and the record, and is fully informed.

/ / /

/ / /

ORDER GRANTING MOTION TO QUASH SUBPOENA ~ 1

## BACKGROUND

On June 2, 2015, Defendant was indicted for one count of Attempting to Interfere with the Administration of Internal Revenue Laws in violation of 26 U.S.C. § 7212(a); three counts of Making and Subscribing a False Corporate Income Tax Return in violation of 26 U.S.C. § 7206(1); two counts of making False, Fictitious, or Fraudulent Claims in violation of 18 U.S.C. § 287; and two counts of Failure to File a Corporate Income Tax Return in violation of 26 U.S.C. § 7203. ECF No. 1. The indictment resulted from Defendant's work as a certified public accountant ("CPA") with an accounting firm, Stadtmueller & Associates, and its parent company, Zazz, Inc. *Id.* Defendant was alleged to have filed numerous false and misleading tax reports and returns with the intent of paying fewer taxes and defrauding the United States. *Id.*

Defendant pleaded guilty to the three counts of Making and Subscribing a False Corporate Income Tax Return in violation of 26 U.S.C. § 7206(1). ECF No. 46. The Court accepted this plea agreement, dismissed the other counts in the indictment, and sentenced Defendant to 15 months confinement, 12 months of supervised release, and $400,000 in restitution. ECF No. 56. The restitution was to be paid to the IRS for unpaid taxes for the tax years 2006, 2007, and 2008. *Id.* at 6. Defendant and the Government agreed that Defendant would pay $25 per quarter toward his restitution while imprisoned. *Id.* at 7. Following his release, Defendant would pay $25 per month or 10% of Defendant's net household income,

whichever is larger, to pay the restitution to the IRS. *Id.* Defendant has completed his term of imprisonment and is now serving his term of supervised release. *See* ECF No. 68.

On August 28, 2018, the United States served Defendant with a subpoena to testify at a deposition. ECF No. 71-1 at 9. The subpoena ordered Defendant to appear for a deposition to occur on September 25, 2018, concerning Defendant's assets, sources of income, and employment, among other things. *Id.* at 12. It is unclear whether this deposition occurred. On October 4, 2018, the Government served Defendant with another subpoena to testify at a deposition to occur on October 19, 2018, concerning the same subject matter. *Id.* at 2. On October 18, 2018, the Government served Defendant with yet another subpoena to appear for a deposition to occur on November 28, 2018, again concerning the same subject matter. *Id.* at 16.

In response, Defendant moves this Court for a protective order, a stay of the deposition, and to quash the subpoena. ECF No. 71. The Government opposes Defendant's motion. ECF No. 76. The Court also considered Defendant's reply brief. ECF No. 77.

At the hearing, the Government argued to the Court that this deposition is necessary to determine the extent and value of Defendant's assets to create a restitution payment plan for when Defendant is released from supervised release in late December. Defendant argued that he had already provided extensive

ORDER GRANTING MOTION TO QUASH SUBPOENA ~ 3

documents showing the assets he owns and their value to the Government, the IRS, and the bankruptcy court. According to Defendant, subjecting him to an oral deposition would be an undue burden on top of all of the other obligations imposed by the Government to serve his sentence and pay his restitution.

**LEGAL STANDARD**

In a civil case, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). A district court may quash a subpoena for deposition or production of documents if the subpoena, among other things, "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

**DISCUSSION**

*Civil Deposition in a Criminal Case*

Defendant argues that a civil deposition should not be allowed in a criminal case. ECF No. 71 at 6. The Government argues that an avenue to taking a civil deposition in a criminal case exists when the defendant in a criminal case fails to pay fines or restitution. ECF No. 76 at 4–8.

The subpoenas issued to Defendant are entitled "Subpoena to Testify at a Deposition in a Civil Act," but list Defendant's criminal case number, 2:15-CR-59,

as the "Civil Act No." *See* ECF No. 71-1. The subpoenas seek information about Defendant's assets, income, and employment regarding the payment of his restitution from his criminal judgment. *Id.* at 19.

Because the deposition seeks information about Defendant's restitution, federal statutes on the payment of restitution control. *See* 18 U.S.C. §§ 3612, 3613, 3663, & 3664. Under the Mandatory Victims Restitution Act ("MVRA"), the Government is "responsible for collection of an unpaid fine or restitution." 18 U.S.C. § 3612(c). To collect unpaid fines or restitution, "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). To enforce a civil judgment, the Federal Rules of Civil Procedure allow the enforcing party to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

The MVRA also incorporates the procedures of the Fair Debt Collection Procedures Act ("FDCPA") into its methods of enforcing and collecting restitution. 18 U.S.C. § 3556. The FDCPA permits the Government to conduct discovery regarding the financial collection of a debt, including restitution, "in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 28 U.S.C. § 3015(a).

While these procedures are unique, several courts have upheld their use to enforce unpaid fines or restitution in criminal cases without filing a separate civil action. In *United States v. Mays*, the Ninth Circuit allowed the Government to garnish a criminal defendant's wages to pay his restitution without filing a separate civil action. 430 F.3d 963, 966 (9th Cir. 2005). As the Ninth Circuit held, "[b]y specifically importing the FDCPA's procedures into the MVRA, Congress clearly meant to make those procedures available in criminal cases." *Id.* Further, the Ninth Circuit found that Congress passed the MVRA "against the backdrop of an unbroken line of judicial authority interpreting materially indistinguishable statutes authorizing the United States to enforce judgments of restitution in criminal cases without initiating separate civil actions." *Id.* at 967; *see also United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) ("[T]he Government's request to set a judgment debtor examination of defendant does not constitute the commencement of a new civil action against defendant.").

Therefore, the Court finds that, pursuant to the MVRA, the Government may invoke the Federal Rules of Civil Procedure to seek discovery against a defendant who still owes restitution. However, the Government's request for discovery must adhere to the requirements of those same rules.

***Undue Burden***

A district court "must quash" a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The Court has discretion to determine

what constitutes an undue burden. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

For the reasons stated at the hearing in this matter on November 26, 2018, the Court finds that subjecting Defendant to an oral deposition at this time would constitute an undue burden. Defendant is less than one year removed from federal detention, is still serving a term of supervised release, and is currently going through a bankruptcy proceeding. Further, the Court is aware that Defendant has been working with the IRS on top of his cooperation with the U.S. Probation Office and the bankruptcy court. The Court finds that to subject Defendant to an oral deposition by the Department of Justice along with his current cooperation with other federal government bodies would constitute an undue burden.

Therefore, the Court grants Defendant's motion to quash the subpoena because the subpoena subjects Defendant to undue burden.

However, the Court is also aware of the authority that Congress granted to the Government in the MVRA. For that reason, the Court will allow written interrogatories to be served on Defendant. Defendant's answers to the written interrogatories will be submitted under oath. At the hearing, the Court requested that the counsel for the Government submit a proposed order to memorialize the Court's ruling.

/ / /

/ / /

ORDER GRANTING MOTION TO QUASH SUBPOENA ~ 7

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Protective Order, Stay, and to Quash Subpoena for a Deposition, **ECF No. 71**, is **GRANTED**.

2. The Government is permitted to serve written interrogatories on Defendant, subject to the Federal Rules.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 28, 2018.

>    *s/ Rosanna Malouf Peterson*
>    ROSANNA MALOUF PETERSON
>    United States District Judge